MILLS v. HOBSON.

A deed of land made by the patentee of a town site to a beneficiary under the town-site act granted the land as described, " not interfering with the plan of the streets and alleys adopted in the town plat." *Held*, that this clause did not have the effect to reserve land which would be included within the lines of streets as extended, but which lines were not extended even on the plat, on the theory that such land was within the bounds of projected streets, and that, in ejectment by the successor to the grantee's title, the defendant, a mere intruder, could not set up that the town was entitled, by operation of law or otherwise, to an easement for the extension of its streets and alleys over the tract in question. ·

*Appeal from District Court, Pueblo County.*

THE facts are stated in the opinion.

Messrs. J. C. ELWELL, STONE and ANDERSON, and VINCENT D. MARKHAM, for appellant.

Messrs. CHAS. E. GAST and JOHN M. WALDRON, for appellee.

BECK, C. J.   The record in this case involves the identical questions presented in the case of *Murray v. Hobson, ante*, p. 66.   An additional question is raised by appellant's counsel in the present case, and discussed in the briefs of the respective parties.   The parcels of land in controversy here are different also, being lots *three* and *four* of the same block (60), in Hobson's subdivision of a portion of the city of Pueblo, but Hobson's title thereto is derived from the same source as in the other case, these lots having been carved out of the same tract of land originally conveyed by Hepburn, county judge, to Robinson, by the deed of December 5, 1870.   The same testimony, however, which proved that lot 14 of block 60 was within the tract of land conveyed to Robinson by the deed of Hepburn, county judge, establishes the fact that lots *three* and *four* of the same block were also within that tract.

It is contended, in the present case, that the lots in controversy are within a reservation in the Robinson deed, and therefore excepted from the grant.   The clause relied upon follows the description of the premises conveyed, and is in the following words:  "And not interfering with the plan of the streets and alleys adopted in the town plat in my office."   It was conclusively shown on the trial, by the maps produced, and by the oral testimony, that neither streets nor alleys had been, up to the date of the Robinson deed, platted, laid out or used upon this tract of land.   It also appeared from the testimony, and from an inspection of a duplicate of the town plat prepared in March, 1869, by Engineer Fosdick, who prepared the original plat for County Judge Bradford (the patentee of the town site), that the lines on said plat indicating streets and alleys in the town, so far as then laid out, had not been at the time of the trial, nor have they since been, extended over the tract conveyed to Robinson.   The argument of appellant's counsel is that an intention is shown by the reservation clause to reserve

from the grant the strips of land that may be included within the lines of streets when the same shall be extended over it according to the plan of the survey of the town as designated on the town plat. Counsel assert with great assurance that the trustee had no power to convey the land that was then within the lines of streets thus "*projected*," but never extended, even upon the plat. It would seem to be a doubtful assumption that the streets of a town which are regularly surveyed, laid out and used, but which are not even extended by survey lines upon a vacant parcel of land formed by the changing of the bed of the river, are *projected* streets over such vacant land.

It is our opinion that, unless it can be held that there was an express reservation from the grant of the strips of land referred to by counsel, the point raised cannot be sustained in the present action. The proposition that " the streets were dedicated to the town, and the easement or service, if not the fee-simple, was in the public, if not then being used, certainly in abeyance, and in either case beyond the power of the trustee to convey," if conceded, cannot be applicable to the tract outside of the surveyed and platted portion of the town, over which no streets had ever been laid out, platted or used, and concerning which tract it was uncertain when the city authorities, if ever, would proceed to extend its streets. The act of congress contained no such a dedication in favor of the town as counsel assert, and neither does the territorial law then in force. The provision of the latter act was that the trustee should convey to the people or the legal authorities, within such time as was prescribed by the statutes for making conveyances to individuals, "the land used or laid out by the town authorities as streets, lanes, avenues, parks, commons and public grounds." R. S. 1868, p. 626, § 18. This was the rule prescribed by the proper authority for the guidance of the trustee. It is not pretended that any one of the con-

ditions mentioned in the act authorizing a conveyance to the people, or to the town, of the parts of the tract now claimed to have been reserved, had arisen or been complied with. But it is sufficient for the purposes of the present case to find, as we do, that there was no express reservation of the parcels referred to. It is wholly unnecessary to inquire what rights, if any, were reserved to the town in the Robinson deed, or whether it would be entitled, by operation of law or otherwise, to an *easement* for the extension of its streets and alleys over the tract in question. It will be soon enough to investigate that question when the town or city of Pueblo raises it. Such an inquiry by the appellant in this case is analogous to the claim made by the appellant in the previous case, that in an action of ejectment an intruder upon the possession of one holding the legal title, without title in himself, has a right to institute the inquiry whether his adversary, who obtained his title as a beneficiary of a trust, has performed all the preliminary steps required by law to entitle him to his conveyance. It is well settled that a mere intruder cannot raise or litigate such a question.

The judgment of the court below is accordingly affirmed.

*Affirmed.*